the owner of a building to recover on a fire insurance policy issued upon a building in course of construction, where the owner took out insurance with defendant, and the contractor also insured the building in his own name but with another company, and a fire occurred before the completion of the building, and the appraisers for the company who had insured the building for the contractor appraised the damage, and paid the amount to the contractor, and at the same time plaintiff assigned his policy to the party for whose use the suit in question was brought, he being the agent of the company who insured the building in favor of the contractor, and the contractor repaired the damage caused by the fire and used therefor nearly all of the money received under his policy, and, upon completion of the building, the full contract price was paid to the contractor, and the owner suffered no loss through the fire and made no claim under his policy, *held* that the insured was not entitled to compensation, as he had suffered no loss or damage.

---

## Albert Fritz, Appellant, v. Chicago Railways Company, Appellee.

### Gen. No. 22,849.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by Albert Fritz, plaintiff, against the Chicago Railways Company, defendant, to recover damages for injuries sustained in a collision between an automobile in which he was riding and one of defendant's street cars. From a judgment for $300 in his favor, plaintiff appeals.

LITZINGER, McGURN & REID, for appellant.

FRANK L. KRIETE, for appellee; J. R. GUILLIAMS and JOSEPH D. RYAN, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 892*—*when record not reviewed because of insufficiency of abstract.* Where the abstract of the record in a case failed to show that the bill of exceptions contained any motion for a new trial and the exhibits introduced by the defendant were merely described by numbers without giving any information as to their character, and such abstract gave what was designated as "an abstract of testimony," but failed to show how such testimony appeared in the record, and only one of ten instructions given for the plaintiff was shown, and the only reference to defendant's instructions were the words "twenty-three instructions given on behalf of the defendant pertaining to the question of liability," and such abstract also failed to show any certificate by the trial judge that the purported bill of exceptions was certified to by the judge, *held* that the pleadings before the Appellate Court did not justify a review of the record.

2. APPEAL AND ERROR, § 842*—*who may certify to bill of exceptions.* A bill of exceptions must be certified to by the trial judge and the clerk of the court is without authority to give such certificate.

3. APPEAL AND ERROR, § 892*—*what is effect of failure to file proper abstract.* The abstract of the record is the pleading of the party seeking to have such record reviewed, and it is the duty of such parties to prepare and file a complete abstract of the record in accordance with the rules, and such abstract as the reviewing court can safely rely upon, and, on a failure to comply with such rules, the reviewing court is not called upon to review the record.

4. DAMAGES, § 242*—*when verdict for plaintiff not disturbed on ground of inadequacy of damages.* Where the preponderance of the evidence is in favor of the defendant, a verdict for the plaintiff will not be set aside simply upon the ground of the inadequacy of damages.

5. APPEAL AND ERROR, § 1040*—*when assumed that assignments of error were inadvertently included in plaintiff's assignments.* In a case where the plaintiff appealed, and in several assignments of error assigned as error the refusal of the trial court to find the defendant not guilty, *held* that as assignments of error are in the nature of a declaration, and plaintiff was asserting that the trial court should have instructed the jury to bring in a verdict of not guilty, it was to be assumed that such assignments were inadvertently included in plaintiff's assignments.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.